# In the United States Court of Federal Claims

No. 15-1132C

(Filed: February 4, 2016)

FILED

FEB - 4 2016

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CRAIG HENDRICKS,

        *Plaintiff*,

v.

THE UNITED STATES,

        *Defendant.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Plaintiff Craig Hendricks, appearing *pro se*, filed a complaint seeking approximately $1 billion for alleged violation of the constitutional prohibition on Cruel and Unusual Punishments as it might apply to incarcerated individuals accused or charged for non-violent drug offenses.[1] Defendant has moved to dismiss for lack of jurisdiction pursuant to RCFC rule 12(b)(1). Plaintiff has not filed a response, but we need not wait for one because it is clear on the face of the complaint that we lack jurisdiction to provide plaintiff the relief he seeks.

Jurisdiction is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The court may raise the issue *sua sponte* at anytime. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC Rule 12(h)(3). Although plaintiffs appearing *pro se* are afforded latitude in their pleadings, that cannot excuse jurisdictional failings. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

---

[1] Plaintiff's one page complaint is wholly devoid of factual allegations and only contains the terminology, "cruel and unusual punishments for incarcerated individuals accused or charged for no-violent drug offenses."

The Tucker Act, this court's primary grant of jurisdiction, only gives this court authority to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States ... in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

While plaintiff is afforded latitude, due to his *pro se* status, it is well established that this court does not have jurisdiction to entertain plaintiff's claim based upon alleged violation of the Eight Amendment's prohibition on the cruel and unusual punishments. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("the Court of Federal Claims does not have jurisdiction over claims arising under the Eight amendment, as the Eight Amendment is not money-mandating provision.") (internal quotation marks and citations omitted). As such, the complaint does not meet the Tucker Act's requirement for jurisdiction in this court.

As to plaintiff's tort allegation arising from the same bar against alleged cruel and unusual punishments, this court does not have jurisdiction over cases sounding in tort. 28 U.S.C. § 1491 (excluding cases "sounding in tort"); *Gable v. United States*, 106 Fed. Cl. 294, 297 (2012) ("The United States Court of Federal Claims does not have jurisdiction to adjudicate tort claims.").

Accordingly, the following is ordered:

1. The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

2. Defendant's motion to dismiss the original complaint is denied as moot.

ERIC G. BRUGGINK
Judge